```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
│                                     )
│  Canon, Inc.,                       )
│                                     )
│          Plaintiff,                 )
│                                     )
│          v.                         )   Civil Action No.
│                                     )   19-10931-NMG
│  Avigilon USA Corporation Inc. et   )
│  al,                                )
│                                     )
│          Defendant.                 )
│                                     )
└─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Canon Inc. ("plaintiff" or "Canon") alleges that defendants Avigilon USA Corporation and Avigilon Corporation (collectively "defendants" or "Avigilon") are liable for direct, induced and willful infringement of one of Canon's patents for transmitting video data.

Pending before the Court is a motion by Avigilon to dismiss the induced infringement and willful infringement allegations under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, that motion will be allowed and the subject claims will be dismissed without prejudice.

I. <u>Background</u>

Avigilon Corporation is a Canadian corporation with a principal place of business in Vancouver, British Columbia.

Avigilon USA Corporation Inc., a wholly owned subsidiary of Avigilon, is a Delaware corporation with a principal place of business in Texas and a regional office in Massachusetts. Avigilon designs, develops and manufactures video surveillance systems, cameras and related products. Canon is a Japanese corporation which designs and manufactures a variety of electronics, including cameras and related products.

Canon is the owner of United States Patent Number 10,135,952 ("the '952 patent") which was issued on November 20, 2018. The '952 patent, entitled "Method and Corresponding Device for Streaming Video Data" relates to a method of transmitting web-accessed, compressed videos.

Canon filed its complaint on April 23, 2019, and alleges direct infringement, induced infringement and willful infringement. It claims that Avigilon has indirectly infringed the '952 patent by inducing its customers to directly infringe. In essence, the complaint alleges that a feature in Avigilon's accused products infringes the '952 patent and that Avigilon instructs its customers to use that feature in an infringing manner. Canon contends that Avigilon had prior knowledge of the '952 patent and that circumstantial evidence demonstrates Avigilon's intent to induce infringement by its customers. Moreover, Canon asserts that defendant's alleged infringement was willful.

Avigilon has moved to dismiss Canon's claims for induced and willful infringement because they contain only conclusory allegations.

## II.     Defendants' Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

**1. Induced Infringement**

The Federal Patent Act, 35 U.S.C. § 271, provides for liability for inducement to infringe and states in relevant part, "whoever actively induces infringement of a patent shall be liable as an infringer." To state a viable claim for induced infringement, plaintiff must allege that defendant (1) knew of the patent, (2) knowingly induced infringing acts, and (3) acted with specific intent. Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 56 (D. Mass. 2014) (citing Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

**a. Knowledge of the Patent at Issue**

For Avigilon to be liable for induced infringement it must have had actual knowledge of the '952 patent. In its complaint, Canon has not pled facts sufficient to support an inference that Avigilon had any pre-suit knowledge of the '952 patent. Conclusory assertions with respect to Avigilon's knowledge of the patent, without more, are insufficient to survive a motion to dismiss.

Canon also claims that Avigilon has continued to induce infringement after it became aware of the '952 patent as a result of the instant lawsuit. There is a conflict between

-4-

district courts, including those in this district, as to whether an alleged inducer must be shown to have had knowledge of the patent prior to the filing of a lawsuit.  See e.g. Zond, Inc. v. SK Hynix Inc., No. 13-11591-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014) (noting that "district courts are divided over the issue of whether pre-suit knowledge of a patent-in-suit is required to support an initial claim for indirect infringement. The Federal Circuit has not as yet addressed the issue") (parentheses omitted).

On the one hand, as has been held by a majority of lower courts, an infringer who continues to induce infringement even after becoming aware of the subject patent cannot evade liability merely because it learned of the patent as a result of a lawsuit.  See Intellect Wireless Inc. v. Sharp Corp., No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012).  On the other, a minority of courts have held that allowing induced infringement claims to proceed without evidence of pre-suit knowledge constitutes an improper attempt to

> bootstrap the knowledge [d]efendants *now* have based on Plaintiff's filing of the Complaint onto defendant's acts before Plaintiff filed its complaint.

Proxyconn Inc. v. Microsoft Corp., No. SACV 11-1681, 2012 WL 1835680 DOC (ANx), at *5 (C.D. Cal. May 16, 2012)(emphasis in original).

This and other sessions of this Court, have held that a complaint is sufficient to demonstrate actual knowledge in order

-5-

to state a claim for inducement when limited to post-filing conduct only in a later-amended complaint. See Zond, LLC v. Renesas Elecs. Corp., No. 13-11625-NMG, 2014 WL 4161348, at *6 (D. Mass. Aug. 15, 2014) (citing SK Hynix Inc., 2014 WL 346008 at *3). Canon complains that such an approach is unduly formalistic but it is grounded in both the Federal Rules of Civil Procedure, which require that factual pleadings have evidentiary support, and prior decisions of other sessions of this Court. See Fujitsu Semiconductor Ltd., 2014 WL 69035, at *6 (noting that "it is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for [that] claim at the time of filing.")

Here, Canon relies on its complaint to establish that after the date on which it filed its lawsuit Avigilon knew about the patent and thus subsequently induced infringement. Because Avigilon's alleged knowledge was as a result of the complaint, Canon has not alleged facts sufficient to support such a pleading at the time of the filing. Accordingly, following the practice of the majority of courts in this district, this Court will allow defendant's motion to dismiss claims for induced infringement. The claims will be dismissed without prejudice in the event Canon has information sufficient to allow it to file an amended complaint.

## 2. Willful Infringement

To state a claim for willful infringement a plaintiff must plausibly allege that 1) defendant knew of the patent and 2) knew of its alleged infringement. Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd., No. 16-cv-11458-DJC, 2017 WL 3795769, at *6 (D. Mass. Aug. 30, 2017).

As discussed previously, Canon has not alleged facts sufficient to demonstrate that Avigilon had any pre-suit knowledge of the '952 patent. Therefore, Canon cannot support a claim of pre-filing, willful infringement. With regard to post-suit knowledge, the same issue concerning induced infringement applies to willful infringement. For the reasons set forth above, Canon has not alleged evidence of Avigilon's knowledge sufficient to support its complaint at the time of filing. The Court will, therefore, allow defendant's motion to dismiss claims for willful infringement but without prejudice to Canon's right to file an amended complaint if it can reasonably do so.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss, in part, (Docket No. 17) is **ALLOWED** and the claims for induced and willful infringement are dismissed without prejudice.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated November 20, 2019